for the reason that some important witnesses for the defendant have died. Section 757 of the Code provides that in case of the death of a sole plaintiff or defendant, if the cause of action survives, the court must, upon a motion, allow or compel the action to be continued by or against his representative or successor in interest. Although the defendant claims to have been damaged by the laches of plaintiff or his executors, he has not seen fit to apply to the court, under section 822 of the Code, to dismiss the complaint for unreasonable delay in prosecuting the action. However, as he appears to have been prejudiced by the laches complained of, I think that onerous conditions should be imposed as a condition for granting the motion. The action was begun in 1895, the plaintiff died in 1896, the executors qualified in 1897, and yet this motion was not made until February, 1899. There has certainly been gross laches, and the defendant has been prejudiced thereby in the death of some of his witnesses. The motion is granted, upon payment of all the costs to date, to be taxed by the clerk, and upon the executors stipulating to try the case when reached; $10 costs of the motion to the defendant. Settle order of notice.

Motion granted; $10 costs of motion to defendant.

<hr>

(26 Misc. Rep. 443.)

### LINDENTHAL v. GERMANIA LIFE INS. CO.

(Supreme Court, Special Term, New York County. February, 1899.)

PREMIUM POLICY—SURRENDER FOR PAID-UP INSURANCE—LOST POLICY.
  Where a life policy, convertible, under certain conditions, into a paid-up policy, on being surrendered, was lost, insured was not entitled to the paid-up policy on tendering an indemnity bond to cover any damages in consequence of the loss, but the tender of a release of all rights under the old policy was necessary.

Action by Gustave Lindenthal against the Germania Life Insurance Company. On demurrer to the complaint. Sustained.

Schreiter & Matthews (Henry Schreiter, of counsel), for plaintiff.
Shipman, Larocque & Choate (J. Hanford, of counsel), for defendant.

RUSSELL, J. The demurrer maintains that relief by way of specific performance cannot be secured upon the facts alleged in the complaint. It is conceded that on the 10th day of May, 1882, the defendant insured the life of the plaintiff for $4,000, upon the usual 20-year endowment form, and that the plaintiff made 11 payments on said policy, amounting to $2,134.88. The policy contained the clause that after three years a paid-up policy would be issued, for a sum corresponding to the aggregate amount of premiums paid at any time within six months of a lapse by nonpayment of premium, upon a surrender of the policy. The payment November 10, 1893, was not made, and the plaintiff made application within six months for a paid-up policy; and the defendant agreed to transfer and exchange the same for a paid-up policy, if the original was surrendered within a reasonable time after the expiration of the six months. The plaintiff

made diligent search for his policy, but was unable to find and locate the same, and offered a bond of indemnity to cover any damages in consequence of the loss of the policy and the issue of a paid-up policy. The defendant refused to issue the paid-up policy. The plaintiff prays specific performance, so that the defendant may be required to issue said paid-up policy to him.

Up to a certain period, at least, the plaintiff had a valuable interest in the policy, upon which he had made payments for 11 years, and was entitled to the benefits flowing from the policy, according to its terms, upon compliance by him with the obligations imposed. The defendant was entitled, upon the issue of a paid-up policy, to a surrender of the old one. A policy of insurance is evidence of the contract, and its loss does not destroy the value of the contract between the parties. But the defendant had the right to receive a release from all the obligations of the old policy upon a delivery of the new, and therefore the plaintiff should have substituted the best thing he could for a return of the policy claimed to be lost. He should have tendered a release under the old policy, if not, also, satisfactory evidence of his inability to produce that policy. An averment of a tender of a bond of indemnity, at some time not stated, is not a sufficient compliance with the requirement to surrender the old policy or deliver a satisfactory release, as the loss of the policy was his own misfortune, and not the fault of the defendant. By the terms, therefore, of the contract between the parties, sufficient performance has not been made by the plaintiff to entitle him at the present time to any further action by the defendant in the delivery of a policy promising to pay the plaintiff without any further premiums payable by him. Therefore he is not entitled to a specific performance now of the agreement to issue the paid-up policy upon certain conditions, whatever may be his rights, or those of his personal representatives, when that original policy matures. Demurrer sustained, with leave to amend on payment of costs.

Demurrer sustained, with leave to amend on payment of costs.